UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8032 PA (MAAx) | Date | January 28, 2020 |
|---|---|---|---|
| Title | Carmen John Perri v. D & R Restaurant, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

Before the Court is a Motion for Default Judgment filed by plaintiff Carmen John Perri ("Plaintiff") against defendants D & R Restaurant, Inc., Danilo Feliciano, and Regina Feliciano (collectively "Defendants") (Docket No. 28).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for February 3, 2020, is vacated, and the matter taken off calendar.

**I.      Factual & Procedural Background**

Plaintiff commenced this action, which alleges a claim for violations of the Americans with Disabilities Act ("ADA"), on September 17, 2019.  According to the Complaint, Plaintiff is substantially limited in performing one or more major life activities and often uses a mobility device such as a walker or wheelchair for mobility.  Defendants Danilo and Regina Feliciano own a property located at 12155 East South Street, Artesia, California (the "Property"), at which defendant D & R Restaurant, Inc. operates a place of public accommodation.  The Complaint alleges that Plaintiff personally encountered architectural barriers at the Property, including that there were no designated parking spaces available for persons with disabilities that complied with the 2010 Americans with Disability Act Accessibility Guidelines ("ADAAG"), a round door knob that required tight grasping and turning that did not comply with the ADAAG requirements, and a urinal that did not provide the clearance required by the ADAAG specifications.  Pursuant to the ADA, the Complaint seeks injunctive relief requiring Defendant to make the Property accessible to the extent required by the ADA.  The Complaint also asserts a claim for violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, and seeks statutory damages pursuant to that statute.

According to the Proofs of Service filed by Plaintiff, Defendants were served with the Summons and Complaint on October 10, 2019.  Defendants did not timely file Answers and have not otherwise appeared in this action.  The Clerk entered Defendants' default on November

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8032 PA (MAAx) | Date | January 28, 2020 |
|---|---|---|---|
| Title | Carmen John Perri v. D & R Restaurant, Inc., et al. | | |

6, 2019. Plaintiff filed this Motion for Default Judgment on December 13, 2019. To date, despite being served with notice of this Motion, and the expiration of their time to do so, Defendants have not filed an Opposition.

Prior to the entry of Defendants' defaults, the Court ordered Plaintiff to show cause in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint. After considering Plaintiff's Response to the Order to Show Cause, the Court concluded in a November 4, 2019 Minute Order, that it would decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and any other construction-related accessibility claim arising under state law. (See Docket No. 19.) The Court concluded that "exceptional circumstances" and "compelling reasons" supported the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(c)(4). (Id. at 8.) The Court therefore dismissed Plaintiff's state law construction-related accessibility claims without prejudice. Therefore, only Plaintiff's ADA claim, which seeks injunctive relief and attorneys' fees, remains pending before the Court.

## II. Discussion

### A. Liability

Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are usually disfavored and cases should be decided on their merits whenever reasonably possible. Id. at 1472.

Here, the Court finds that these factors weigh in favor of granting Plaintiff's Motion. In light of the well-pleaded allegations in the Complaint and Defendants' failure to answer or otherwise participate in the action, Plaintiff's interest in an efficient resolution of the case outweighs Defendants' interest in adjudication on the merits. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8032 PA (MAAx) | Date | January 28, 2020 |
|---|---|---|---|
| Title | Carmen John Perri v. D & R Restaurant, Inc., et al. | | |

55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action.").

### B. Injunctive Relief

Plaintiff's Motion states that "Plaintiff experienced a built up curb ramp that projects from the sidewalk and into the disabled parking area ([ADAAG] Section 406.5), which also exceeded the maximum grade allowed by ADAAG specifications (Section 502.4), a round door knob to the restroom that requires tight grasping and turning in violation of ADAAG, and a urinal whose clearance does not meet ADAAG specifications." Plaintiff seeks injunctive relief requiring Defendants to remove these architectural barriers at the Property in compliance with the ADA's accessibility standards. The ADA permits private individuals to seek injunctive relief for public accommodations with architectural barriers. Molski v. M.J. Cable, Inc.,481 F.3d 724, 730 (9th Cir. 2007). When a court has determined that the defendant violated the ADA, "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by [42 U.S.C. § 12181 et seq.]." 42 U.S.C.§ 12188(a)(2). The Court will grant Plaintiff the requested injunctive relief.

### C. Attorney's Fees and Costs

Finally, Plaintiff seeks an award of attorneys' fees in the amount of $3,585.00 and costs of $538.00 (comprised of a filing fee of $400.00 and $138.00 in service costs). Under Title III of the ADA, a prevailing plaintiff may be awarded reasonable attorneys' fees and litigation costs. See 42 U.S.C. § 12205. While Local Rule 55-3 provides a schedule of fees in the event of default judgment, "if a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee . . . without using the fee schedule as a starting point." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018).

To determine reasonable attorneys' fees, district courts first calculate the "lodestar" by multiplying the number of hours reasonably spent by a reasonable hourly rate. Pierce v. Cnty. of Orange, 905 F. Supp. 2d 1017, 1025 (C.D. Cal. 2012) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is "'calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel.'" Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984)). The burden is on the plaintiff to produce evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8032 PA (MAAx) | Date | January 28, 2020 |
|---|---|---|---|
| Title | Carmen John Perri v. D & R Restaurant, Inc., et al. | | |

reputation." Id. (quoting Blum, 465 U.S. at 895 n.11). The burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Gates v. Gomez, 60 F.3d 525, 534 (9th Cir. 1995); Hensley, 461 U.S. at 433. "In a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request – like other burdens – necessarily shifts to the court." Vogel, 893 F.3d at 1160 (citing Tuli v.Republic of Iraq (In re Tuli), 172 F.3d 707, 712 (9th Cir. 1999)). Once the lodestar is determined, the Court then considers whether the lodestar amount should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, 526 F.2d 67, 70 (9th Cir. 1975). "There is a strong presumption that the lodestar figure represents a reasonable fee. 'Only in rare instances should the lodestar figure be adjusted on the basis of other considerations.'" Morales v. City of San Rafael, 96 F.3d 359, 363 n.8 (9th Cir. 1996) (quoting Harris v. Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994)).

Here, Plaintiff is the prevailing party, and an award of attorneys' fees is appropriate. See Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002). "The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437, 103 S. Ct. 1933, 76 L. Ed. 2d 40. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. at 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40; see also In re Wash. Pub. Power Supply Sys. Sec. Litig., 19 F.3d 1291, 1306 (9th Cir. 1994) ("[T]he district court was neither obligated to explain what type of records should be submitted nor to request additional information. The burden of presenting the appropriate fee documentation rests squarely on the shoulders of the attorneys seeking the award."). "[P]laintiff's counsel can meet his burden—although just barely—by simply listing his hours and 'identifying the general subject matter of his time expenditures.'" Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting Davis v. City and Cnty. of S.F., 976 F.2d 1536, 1542 (9th Cir. 1992), vacated in part on other grounds by 984 F.2d 345 (9th Cir. 1993)). However, the court "should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Id. (quoting Hensley, 461 U.S. at 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40).

According to Joseph Manning, Plaintiff's counsel, he "spent a total of 3.75 hours of time at $450/hour and my associate attorneys spent 5.8 hours at $375/hour . . . ." (Manning Decl. ¶ 8.) The Court notes that many of the time entries are for relatively simple tasks that Plaintiff's counsel's firm performs in identical fashion in the hundreds of nearly identical cases the firm has filed. Given these issues, and the boilerplate nature of much of this work, the Court concludes that certain reductions in the number of hours claimed is warranted to the following entries:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8032 PA (MAAx) | Date | January 28, 2020 |
|---|---|---|---|
| Title | Carmen John Perri v. D & R Restaurant, Inc., et al. | | |

| Date | Description | Biller | Time Sought | Time Awarded |
|---|---|---|---|---|
| 8/30/2019 | Reviewed information received from client | JRM | 0.5 | 0.25 |
| 9/1/2019 | Meet with client and discussed case | JRM | 0.25 | 0.25 |
| 9/2/2019 | Examined the alleged violations of the ADA Access Guidelines at the property and confirmed they are not ADA compliant as set forth in the Complaint | JRM | 1.0 | 0.4 |
| 9/3/2019 | Conducted research of public records to determine identities of business owner and owner of the real property | AA[1/] | 1.0 | 0.5 |
| 9/8/2019 | Edit/draft complaint for filing | JRM | 1 | 0.5 |
| 9/15/2019 | Reviewed and executed the front matter (civil case cover sheet, summons, etc.). | AA | 0.5 | 0.5 |
| 9/21/2019 | Reviewed court0issued summons, Notice of Assignment, Standing order. | AA | 0.4 | 0.4 |
| 10/31/2019 | Responded to the court's OSC re supplemental jurisdiction | AA | 1.0 | 0.2 |
| 11/6/2019 | Reviewed and executed the Request for Entry of Default; review file generally to confirm service proper and effected as to proper defendant. | AA | 0.7 | 0.4 |

---

[1/] "AA" is apparently a generic reference to "Associate Attorney." As discussed below, Plaintiff's Motion does not identify the associates who worked on the case or their levels of experience.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8032 PA (MAAx) | | Date | January 28, 2020 |
|---|---|---|---|---|
| Title | Carmen John Perri v. D & R Restaurant, Inc., et al. | | | |

| Date | Description | Biller | Time Sought | Time Awarded |
|---|---|---|---|---|
| 11/25/2019 | Drafted declaration on behalf of client in support of Plaintiff's Application for Entry of Default Judgment. Contacted client to execute declaration. | AA | 0.6 | 0.3 |
| 11/26/19 | Drafted Notice of Motion and Motion for Application for Entry of Default Judgment, and declaration in support. Compiled exhibits and instructed staff to file. | AA | 1.7 | 0.7 |
| 12/2/2019 | Review Default Package and Approve | JRM | 0.5 | 0.3 |

The Court therefore reduces the time for Mr. Manning from 3.75 hours to 1.7 hours as the reasonable number of hours for the work he performed in this action. The Court reduces the time spent by the associate attorneys from 5.8 hours to 3 hours.

 Plaintiff seeks hourly rates of $450 for Mr. Manning and $375 for the associate attorneys. According to Mr. Manning's Declaration, "I have been in practice since 2002. My billing rate for ADA related work is $450.00, which is a fair rate for attorneys with similar experience and expertise in this nuanced area of law. My associate attorney's hourly rate of $375 is based on average attorneys' fees charged in the general geographic area with similar experience." (Manning Decl. ¶ 7.) The Court notes, however, that approximately a year ago, it awarded Mr. Manning attorneys' fees at an hourly rate of $425/hour. See Rutherford v. Thai Star BBQ, EDCV 18-1600 PA (KKx), 2018 WL 8050461, at *3 (C.D. Cal. Nov. 19, 2018). Other courts in this District have awarded the same hourly rate. See, e.g., Rutherford v. Cervantes Fiesta Mexican Food, EDCV 18-1357 RGK (FFMx), 2018 WL 10086474, at *2 (C.D. Cal. Oct. 16, 2018); Filardi v. Starbucks #8709, EDCV 18-404 ODW (SPx), 2018 WL 3303316, at *6 (C.D. Cal. July 5, 2018). This hourly rate is also in line with the rates this and other courts have awarded to other experienced attorneys practicing in this area of the law. See, e.g., Uriarte-Limon v. Jaur & Reyes Corp., CV 19-4692 PA (SSx); Sherer v. Kafco Partnership, CV 19-4085 PA (RAOx). The Court therefore concludes that Plaintiff's counsel has not satisfied his burden to justify the $450 hourly rate he seeks for himself. The Court will instead award the $425 per hour rate this and other courts have awarded to Mr. Manning as a reasonable hourly rate. That is already a substantial hourly rate for the type and quality of work involved in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-8032 PA (MAAx) | Date | January 28, 2020 |
|---|---|---|---|
| Title | Carmen John Perri v. D & R Restaurant, Inc., et al. | | |

Plaintiff has not identified the "associate attorneys" who worked on this matter or provided any information about their levels of experience. As a result, Plaintiff has not satisfied his burden to establish the reasonableness of the $375/hour rate he seeks for the work they performed. See Gates, 60 F.3d at 534. Rather than decline to award any fees for the work Plaintiff claims was performed by "associate attorneys" as a result of Plaintiff's failure to submit sufficient evidence concerning their levels of experience or the hourly rates for those in the community doing similar work of similar quality, the Court will calculate the fees for this work at $175/hour, which is the rate the Court recently awarded as a reasonable hourly rate for paralegals. See Dudley v. TrueCoverage LLC, CV 18-3760, 2019 WL 3099661, at *6 (C.D. Cal. Mar. 22, 2019).

The Court therefore awards Plaintiff $1,247.50 in attorneys' fees ($722.50 for Mr. Manning (1.7 hours at $425/hour) and $525.00 for the associate attorneys (3 hours at $175/hour)). Finally, Plaintiff seeks an award of litigation costs. The Court will award Plaintiff the filing fee of $400.00. However, because Plaintiff has not provided bills or supporting evidence, other than Plaintiff's counsel's own invoice, to support the $138.00 in service costs, Plaintiff has not adequately established the reasonableness or recoverability of these costs and the Court is unable to determine the amount of additional costs to which Plaintiff might be entitled. The Court therefore denies Plaintiff's remaining costs without prejudice to his filing an Application to Tax Costs pursuant to Local Rule 54.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Default Judgment is granted as to the ADA claim. The Court grants Plaintiff the injunctive relief he seeks, and awards him $1,247.50 in attorneys' fees and $400.00 in costs. The Court will enter a Judgment and Permanent Injunction consistent with this Order.[2/]

IT IS SO ORDERED.

---

[2/] The Court notes that, even if Plaintiff's Unruh claim had not already been dismissed pursuant to 28 U.S.C. § 1367(c)(4), the Court would now decline to exercise supplemental jurisdiction at this stage pursuant to § 1367(c)(3) because it has resolved the ADA claim, and thus resolved "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotations and citation omitted); see also Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994).